EX PARTE ROBERT J. RIDDLE.

No. 6312. Decided November 9, 1921.

**Grand Jury—Indictment—Habeas Corpus—Practice on Appeal.**

Where appellant was indicted and convicted under an indictment by a grand jury composed of ten men and two women, and appealed from such judgment, and thereafter sought release under *habeas corpus* proceedings, held: that a writ of *habeas corpus* cannot serve the office of an appeal, and the *habeas corpus* proceeding is ordered to be consolidated with the main case on appeal.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a *habeas corpus* proceeding asking release under an indictment found by a grand jury composed of ten men and two women.

The opinion states the case.

*G. W. Barcus,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was indicted by a grand jury composed of ten men and two women. Upon that indictment he was tried, convicted, sentenced, and gave notice of appeal to this court. After this he sought release under *habeas corpus* proceedings, attacking the validity of the indictment. He was remanded, and from that order appeals.

The appeal in the main case is now pending in this court under number 6596, but has not been submitted. This *habeas corpus* proceeding is ordered consolidated with that case to the end that the questions raised may be determined in an orderly way. A writ of *habeas corpus* cannot serve the office of an appeal. (See many cases cited under Note 3, Art. 160, Vernon's P. C.).

*Ordered consolidated.*